IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02252-PAB-SKC

BART BRYANT,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER

    This matter is before the Court on Plaintiff's Motion to Remand to State Court, Docket No. 11, filed on August 26, 2019. Defendant responded on September 12, 2019, Docket No. 13, to which plaintiff replied. Docket No. 17.

    On August 7, 2019, defendant removed this case to federal court from the District Court of Weld County, Colorado on the basis that the Court has diversity jurisdiction. Docket No. 1 at 1. Plaintiff argues that the case must be remanded to state court due to a lack of complete diversity of citizenship. Docket No. 11 at 2.

    Plaintiff argues that complete diversity of citizenship cannot be established in this action because, "when an insurer is a named party in an action, citizenship of that insurer is based upon where the insured is located" and, accordingly, defendant "automatically assumes the citizenship of" plaintiff. Docket No. 11 at 3. Plaintiff also argues that "State Farm is a Colorado citizen" because "[i]t operates as a business in Colorado, it insures Colorado citizens, and it has its principal Colorado place of

business in Greeley, Colorado as well as large operation centers in Englewood and Lakewood, Colorado." *Id.* at 4.

Under 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of this section . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c). Plaintiff argues that, under this section, defendant "automatically assumes the citizenship of its insured" for diversity purposes. Docket No. 11 at 3-4.

"The overwhelming weight of authority, including several cases from this District and the Tenth Circuit, hold that actions by an insured against his or her own insurer are not direct actions within the meaning of § 1332(c)(1)." *Powers v. Allstate Motor and Cas. Ins. Co.,* No. 10-cv-00997-WYD-KLM, 2010 WL 2270182, at *2 (D. Colo. June 7, 2010) (citing cases) (emphasis omitted). "Section 1332(c)(1) applies to lawsuits seeking to impose liability against the insurer for the negligence of any party insured by the insurer." *Garcia v. Berkshire/Guardian Life Ins. Co. of Am.,* No. 10-cv-01355-REB-MEH, 2011 WL 31510, at *2 (D. Colo. Jan. 5, 2011). "The direct action exception does not apply to a suit in which the insured is suing his or her own insurer for withholding

2

benefits." *Id.*

Here, plaintiff has sued its own insurer for allegedly breaching the parties' insurance agreement by withholding underinsured motorist benefits. Docket No. 4 at 2, ¶ 13. As a result, § 1332(c)(1) does not apply, and defendant does not assume the citizenship of plaintiff for purposes of diversity jurisdiction.

Moreover, plaintiff's allegations that defendant is a citizen of Colorado because it conducts business in the state are without merit. "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinger Mordan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Defendant alleges that it is incorporated in, and has its principal place of business in, the state of Illinois. Docket No. 1 at 3. To the extent that plaintiff argues that defendant is a Colorado citizen because "[i]t operates as a business in Colorado," "insures Colorado citizens," and has physical business locations in Colorado, *see* Docket No. 11 at 4, such allegations are insufficient to find that defendant is a citizen of the state. If such allegations are sufficient to render defendant a Colorado citizen, then defendant – a national insurance company – would be effectively precluded from ever removing a case to federal court in any state. Such a result "would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

Finally, plaintiff argues that the amount in controversy is not established for purposes of 28 U.S.C. § 1332, which provides that district courts shall have jurisdiction in cases where the amount in controversy exceeds $75,000, exclusive of interest and costs. Docket No. 11 at 4-5; 28 U.S.C. § 1332(a)(1). Plaintiff contends that, because

3

"plaintiff did not demand any particular amount in the complaint," and because "no evidence has been offered [by defendant] to determine whether [the] case exceeds the threshold for federal jurisdiction," the case must be remanded to state court. Docket No. 11 at 5.

"In a removal case, it is the obligation of the removing defendant to establish that the amount in controversy requirement has been satisfied." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir 1999). The defendant must prove jurisdictional facts by a preponderance of the evidence. *McPhail*, 529 F.3d at 953. "The proponent of federal jurisdiction must prove contested facts; and because a defendant has no control over the complaint, he cannot put a large sum of money in controversy simply by demanding it, as a plaintiff often can." *Id.* at 954 (emphasis omitted). Accordingly, a defendant can "establish what the plaintiff stands to recover" in a number of ways, such as "by contentions . . . in state court; by calculation from the complaint's allegations[;] [or] by reference to the plaintiff's informal estimates or settlement demands." *Id.* (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). "[O]nce [the] underlying facts are proven, a defendant . . . is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.*

In its notice of removal, defendant states that "[p]laintiff alleges his damages are in excess of $250,000." Docket No. 1 at 2; *see also* Docket No. 4 at 1-2, ¶¶ 3, 12 (plaintiff alleging in his complaint that he is entitled to underinsured motorist benefits from his insurance policy, which provides underinsured motorist coverage in the amount

4

of $250,000 per person). Further, defendant points to plaintiff's state court cover sheet, in which plaintiff indicates that he is seeking a monetary judgment in excess of $100,000. Docket No. 1-2 at 1. "The Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiff." *Stazick v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-03357-PAB, 2019 WL 494376, at *1 (D. Colo. Feb. 8, 2019) (citing *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016)). Because plaintiff represented to the state court in his civil cover sheet that the amount in controversy is greater than $100,000, it is irrelevant that plaintiff "did not demand any particular amount in the complaint." Docket No. 11 at 5; *see also McPhail*, 529 F.3d at 955 ("[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount.").

Because removal was proper, the Court finds that remand to state court is unwarranted. Wherefore, it is

**ORDERED** that Plaintiff's Motion to Remand to State Court [Docket No. 11] is **DENIED**.

DATED December 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

5